Hello. All right. Davis v. the U.S. and it is appeal 14-3019. Mr. Duke. Hello, Mr. Duke. How are you? May it please the court and again good morning. My name is Brandon Duke for the appellant Calvin Davis who asserts that... Could you raise your voice a little bit? Yes, sorry. I'm Brandon Duke for the appellant Calvin Davis who asserts that his that the district court's summary denial of his 2255 motion as untimely should be reversed. Mr. Davis was a minor player in a drug trafficking organization which ultimately assisted the government in investigating as a confidential informant. He entered a plea for his role which carried a prison term that he understood would be about 80 months or about six years based on his cooperation. Prior to his sentencing, Mr. Davis was not made aware by counsel that his ultimate sentence could actually be up to 14, more than 14 years. The reason for the dramatic difference in his sentence was the guideline calculation in the PSR which included increases both for prior criminal history and for allegedly providing the USPO with false information. The latter resulted in a two additional points to his criminal offense level, sorry, his offense level and was based on confusion over Mr. Davis's service record and his military discharges. Mr. Davis during this process we assert did not provide false information to the USPO. As explained in our briefs, he served two tours in the Army and was honorably discharged during the first and received a bad conduct discharge as a result of a court-martial during the second. Mr. Davis did not attempt to hide his military record as found in the PSR and by the district court judge in the underlying case at sentencing and in fact he provided a release to the USPO to give full access to his military records. Now any sentencing errors would be barred by the waiver in the plea agreement, would they not? Assuming of course there's no reason to set aside the waiver. That's correct but as these facts that I've just attempted to lay out I think go to ineffective assistance of counsel in negotiating the whole, with respect to the plea agreement as a whole, which is one of the exceptions to the enforceability of a waiver. I mean in other words you say that Davis was misinformed as to the consequences of his guilty plea and the length of the sentence he might receive but is that an allegation of ineffectiveness in the negotiation of the plea agreement? I think it goes to the plea agreement as a whole because Mr. Davis was not able to make an informed decision as to waiving his right to an the effect of pleaing. Well what was he asked at the plea colloquy about the waiver and the potential length of the sentence? I don't have that in the record before me but I assume he was asked as part of a general plea colloquy but again I think he was, the record that we have and the facts that he's asserted have clearly indicated that both up until sentencing and after the sentence was imposed until that point he was never aware that he could receive a sentence anywhere near 14 years. So there's no transcript of that? Is that what you're saying? There is a transcript I just don't have it. You don't have it with you and you haven't looked at it? No. Okay, you can go ahead. And again as I said the facts repeat with respect to his ineffective assistance of counsel shows that that existed both with respect to the plea agreement and his counsel's effectiveness during the plea. Mr. Davis, his counsel failed to notify him of a meeting with the USPO to resolve the confusion over his military record and his counsel's admitted failure to advise Mr. Davis of that meeting is clearly another instance of his ineffectiveness in advance of the plea, or in advance of entering the plea. And again I say that goes to the waiver which we just discussed. And in fact following the sentence Mr. Davis specifically requested a direct appeal be filed and his counsel just either, it's not clear what happened but his counsel never filed a notice of appeal in the case despite Mr. Davis's request to do so. And I think that both goes towards ineffectiveness which this court has said is per se ineffectiveness of counsel when a client has asked for a notice of appeal to be filed. But it also goes to his knowledge and awareness of the effect of the plea because he was not made aware that he had waived that right. So now the plea agreement pretty carefully spells out his appellate and collateral rights. I agree that the waiver is very specific and broad in covering both his appellate and collateral rights. But as to what Mr. Davis was made aware by his counsel during the plea process I think it's clear. The record in fact show that he didn't understand that and he's not a lawyer and his lawyer's duty was to advise him of what he was waiving and I believe the record indicates that that wasn't done here. And initially we think both this disparity between the sentence that the government agreed to in the plea agreement and the actual sentences that resulted and the mistaken inclusion of the increase for his obstruction or his alleged obstruction which the government also supported at sentencing compels consideration of the interest of justice in this in this case. But more specifically as to the issues raised by the court. As a result of the Supreme Court decision in Alain, Mr. Davis' motion and including his ineffective assistant claims should be considered timely. But Alain is not retroactive on collateral review right? That, this court has said that very recently and we agree that generally that's what this court is holding is. However here where counsel's, we think again his ineffective assistance of counsel affects Mr. Davis' position with respect to the collateral obligation. So Davis' mandatory minimum wasn't increased here based on any finding of facts at the sentencing was it? That's correct but we believe that the holding or the the principle, one principle raised or the principle identified in Alain is that the principle identified in Alain is that the crime, the crime should match the punishment and that there should be transparency between the crime and the punishment and that facts that increase the punishment from that the floor for a certain crime must be found by a jury. And here Mr. Davis because of his counsel's representation and advice of counsel believed the floor to be six years which was the his likely sentence under the under the plea but because of his failure to be informed of that both because of the findings of the PCR and its inclusion of two additional points that amount increased at least to ten years because of his criminal history that was included which removed the ability to reduce the mandatory the ability of the court to reduce the mandatory minimum below by 33% which would have been six years so that raised the floor and then also an additional two or three years because of his the alleged obstruction which we believe has a culpable claim under Alain. Okay, thank you. Mr. Fullerton, come on up. Good morning, may it please the court. This was a cooperation plea and Mr. Davis was an 11 C1C deal to 66% of the low end. There was a paragraph in the plea that said you know the parties anticipate that the range would be 108 to 135 but there was that range might change and obviously it's up to the district court to make a final determination what the range is but the government would move based on his continued cooperation for a reduction to 66% of the low end or 66% of the statutory mandatory minimum of ten years whichever was higher. Government did that. In return for these undertakings by the government, the defendant pleaded guilty and waived his right to appeal and waived his right to bring a 2255 motion. That waiver should be enforced. To attack the waiver is to attack the plea deal. Could his claim of being misadvised as to the consequences of his guilty plea and the length of the sentence he might receive be considered a claim going to the voluntariness of the plea and thus not barred by the waiver? Perhaps, perhaps and perhaps he wants to get out of the cooperation deal and go back to the status quo ante where he's facing a guideline range of 262 to 327 months. Perhaps he had a valid ineffective assistance counts of counsel claim. However, he had one year after his sentence and judgment became final in October of 2010 within which to bring that claim. He didn't bring any claim until more than three and a half years after the judgment became final in May of 2014. He thinks he may have an Allain claim. Well, he doesn't have an Allain claim and even if he did have an Allain claim, every other claim that was appended to a claim under Allain would have to be timely on its own, right? And that's the court asked that the parties to address that question in its order granting a certificate of and as we've pointed out in our brief, every circuit to have addressed this issue of whether claims at 2255, whether they're timely is addressed in a claim by claim basis or on the theory that one timely claim makes every other claim timely has rejected the latter theory and has gone with the claim by claim analysis. So even if he did have an Allain claim and he doesn't because his mandatory minimum did not, was not increased by anything the district court did at sentencing, even if he did have such a claim, every other claim including a claim that his attorney didn't file a notice of appeal or his attorney was ineffective for negotiating this cooperation cooperation deal with the With respect to the transcript of the guilty plea, have you taken a look at it? I have not seen that, no, Your Honor. Are there other, there are other factual claims made by the defendant that I could address but for example, the claim that he did not lie about his discharge from the Army. The probation officer in the PSR reported, the report was not that the defendant was asked whether he had received a dishonorable discharge and thus the defendant's claim, no I didn't receive a dishonorable discharge was not technically false. The PSR stated that the defendant reported to the probation officer in the company of his attorney that he had in fact received an and of course he hadn't. He also denied receiving a disciplinary action while in the Army and of course he had been in the brig for 30 months for bigamy, fraudulent enlistment in the Army and so on. He had a, you know, he had a more questions, we just ask that the judgment of the District Court be affirmed. Thank you. As for the claim by claim position, we agree that the general rule for most of the, for every circuit that's addressed it and the cases here is that individual claims generally are claim by claim. However, I think that it has been applied because, and it makes sense for old unrelated and baseless claims, but here we believe that his ineffective assistant counsel claim is directly related and the merits are intertwined with his Elaine claim and therefore in that case we believe that the claim should be analyzed on the merits together. We don't believe a broad rule is necessary here and that's not what we're advocating for. Simply just with respect to those claims. Thank you. And he understands, should we agree with him, that he would, the plea could be voided and then he could face that substantial amount of time. That's been discussed with him? We've definitely discussed that issue with him but just to clarify here, we think the best remedy would be enforcement of the plea in line with his expectations and at minimum removing the, at minimum removing the mistaken factual increases resulting from the alleged obstruction charges, which are significant. It's two to three years under the guidelines. Thank you Mr. Duke and you were appointed by the court so you have the thanks of the court for taking the case on in helping your client. Thank you. So thank you very much and as always thank you to the government and the case will be taken under advisement.